CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 29 2013

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KIM A. PRATER, | ) | Civil Action No. 7:13cv00072 |
| | ) | |
| Petitioner, | ) | **§ 2254 MEMORANDUM OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Respondent. | ) | |

This is a petition pursuant to 28 U.S.C. § 2254 by Kim A. Prater, challenging the Virginia Department of Corrections' computation of the service of his state sentence. The respondent has moved to dismiss for non-exhaustion. The court notes that 28 U.S.C. § 2241, not § 2254, is the appropriate vehicle for Prater's challenge. But, in any event, Prater has not exhausted his state-court remedies, and the court dismisses his petition without prejudice.

I.

Prater is an inmate confined within the Virginia Department of Corrections ("VDOC") and is currently confined at the Patrick Henry Correctional Unit #28. In May of 2012, while in federal custody, Prater filed a petition for writ of habeas corpus in the Circuit Court of Tazewell County, Virginia, raising various claims, including the claim that the Virginia Department of Corrections improperly calculated time to be credited to his state sentence. The Circuit Court found the claim to be untimely and also without merit. (Final Order 3–4, ECF No. 1-5.) The Circuit Court also noted that, to the extent Prater contended he should receive "14 months and 8 days of credit based upon his prior incarceration in Virginia jails, . . . an audit of his time computation record [would] not occur until such time as he [was] returned to Virginia custody."

(Id. at 4–5.) The Circuit Court then rejected his other claims and "denied and dismissed" his petition. (Id. at 6.)

Prater appealed to the Supreme Court of Virginia, but failed to file a timely petition for appeal, and the Supreme Court of Virginia rejected his request for an extension of time. (Response 4, 6, ECF No. 15-1.)

## II.

The respondent claims Prater has failed to demonstrate that he has exhausted his state-court remedies. The court agrees and dismisses his petition without prejudice.

The court notes that § 2241, not § 2254, is the appropriate vehicle to attack the execution of Prater's sentence. See United States v. Little, 392 F.3d 671, 679–80 (4th Cir. 2004). In any event, Prater must exhaust his state-court remedies by raising his current claim in the Virginia Supreme Court in accordance with the State's established procedures. See Wainwright v. Sykes, 433 U.S. 72 (1977). In response to the respondent's motion to dismiss, Prater has filed with this court the Supreme Court of Virginia's denial of his request for an extension of time to file his petition for appeal of the Circuit Court's dismissal of his state habeas petition. But an untimely petition for appeal, one that does not follow established procedure and is rejected by the state court on that ground, does not suffice as exhaustion so long as the denial is based upon an adequate and independent state ground, absent a showing of cause and prejudice. See O'Dell v. Netherland, 95 F.3d 1214, 1240–43 (4th Cir. 1996).

Nevertheless, the Circuit Court, which ruled at a time Prater was in federal custody, did not purport to rule on the question of whether Prater would be entitled to a credit of fourteen months and eight days following an audit upon his return to actual state custody. Consequently, Prater still may have an undefaulted state-court remedy. But he cannot prevail on that claim in

2

federal habeas until he has exhausted it by properly presenting it to the Supreme Court of Virginia.[1]

### III.

For the reasons stated, the court dismisses Prater's petition for writ of habeas corpus without prejudice.

**ENTER**: April 29, 2013.

UNITED STATES DISTRICT JUDGE

---

[1] "The exhaustion requirement can promote comity between the state and federal systems only if state courts actually have a meaningful opportunity to oversee their own operations. It is therefore required that a petitioner seeking federal habeas review make more than a perfunctory jaunt through the state court system, and habeas review in the federal courts will be available only after the state courts have been 'provided a full and fair opportunity to review earlier state court proceedings[.]' Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted."
Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted).